**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**VINODH M. RAGHUBIR,**
**D.O.C. # X92396,**

**Plaintiff,**

**vs.** **Case No. 4:20cv445-AW-MAF**

**UNITED STATES OF AMERICA,**
**STATE OF FLORIDA, et al.,**

**Defendants.**
**_____________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a motion to clarify and vacate. ECF No. 8. That motion has been reviewed and, in doing so, Plaintiff's litigation history has also been reviewed.

Plaintiff initiated this case in September 2020 by submitting a handwritten complaint, ECF No. 1, which was not on the court required form and, thus, did not provide the required list of Plaintiff's litigation history. Moreover, Plaintiff did not submit payment of the filing fee nor did he file an in forma pauperis motion with the complaint. An Order was entered directing Plaintiff to do one or the other to proceed with this case.

ECF No. 3. Thereafter Plaintiff filed an objection and motion to vacate, ECF No. 5, along with a motion to waive the filing fee, ECF No. 6. Another Order was entered explaining what Plaintiff must do to proceed, ECF No. 7, and giving him until November 12, 2020, to comply. As of this date, Plaintiff has not done so. The reason Plaintiff has not complied with those Orders and has, instead, filed the recent motion has become apparent.

Plaintiff is currently incarcerated within the Florida Department of Corrections and, thus, he is a "prisoner" as defined by 28 U.S.C. § 1915(h). Plaintiff disputes that point, *see* ECF No. 8 at 2 and ECF No. 6 at 1, but his argument is frivolous. Plaintiff is a state prisoner because he is currently housed at Okaloosa Correctional Institution; persons do not willingly volunteer to reside in a correctional facility.

As Plaintiff is aware from his prior litigation, he must either pay the required filing fee or submit an in forma pauperis motion. *See* case # 6:20cv02033-GKS-LRH (filed in Middle District of Florida); case # 6:20cv01692-GKS-LRH (filed in Middle District of Florida, dismissed on 10-2-2020); case # 6:20cv01515-GKS-LRH (filed in Middle District of Florida, dismissed on 8-31-2020; case # 6:18cv00581-RBD-T_S, filed in Middle

District of Florida, dismissed on 4-17-2018); case # 6:17cv1654-ACC-KRS, dismissed on 9-28-2017). Plaintiff has had a multitude of cases dismissed for failing to meet that simple requirement.

More importantly, Plaintiff is a state prisoner who has had prior civil cases dismissed as either frivolous, malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(g). Plaintiff was already informed "that § 1915(g) prohibits a prisoner from filing civil lawsuits or appeals without full prepayment of the filing fee if the prisoner has had three prior cases or appeals "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." ECF No. 3 at 3 (quoting 28 U.S.C. § 1915(g)). It now appears that Plaintiff is unwilling to submit an in forma pauperis motion because Plaintiff is not entitled to so proceed.

Plaintiff initiated a civil rights case (case number 6:17cv896) in the Middle District of Florida. It was immediately dismissed on June 1, 2017, because the complaint's request for relief was barred by Heck v. Humphrey, 512 U.S. 477 (1994) and release from confinement is not possible in a civil rights case. *See* ECF No. 4 of that case. Moreover, the

defendants were immune from suit or Plaintiff's claims were otherwise legally insufficient to state a claim. *Id.* Although the case was dismissed "without prejudice," it was, nevertheless, dismissed for failure to state a claim. Such a dismissal counts as a "strike" under 28 U.S.C. § 1915(g).[1]

Plaintiff also filed case number 6:20cv1515-GKS-LRH in the Middle District of Florida. The case was immediately dismissed because Plaintiff's complaint did not present facts in support of his claims, nor was it clear what claims Plaintiff was attempting to assert against the defendants. *See* ECF No. 3 of that case. Plaintiff merely presented "a list of allegations" which did not state a claim.

Similarly, Plaintiff initiated another civil case in the Middle District of Florida which was also immediately dismissed on April 17, 2018. Case # 6:18cv581-RBD-T_S. The order of dismissal noted that Plaintiff had initiated the case by submitting an "emergency motion for prohibitory injunctive relief," but his motion did not demonstrate the court had jurisdiction over the action. ECF No. 2 of that case. Moreover, because

[1] The Court has confirmed that Plaintiff is the same person who filed the other actions listed within in this Report and Recommendation by verifying Plaintiff's D.O.C. inmate number.

Plaintiff was seeking relief from his state court criminal proceeding, no relief could be provided as he should have filed a habeas petition under § 2254. Again, the case was dismissed without prejudice, but the order of dismissal reveals it was dismissed because the "emergency motion" was legally frivolous. Such a dismissal counts as a "strike" under § 1915(g).

Additionally, Plaintiff filed case number 6:20cv01553-WWB-EJK in the Middle District of Florida. Again, the case was dismissed immediately after filing because Plaintiff's complaint was unintelligible and failed to present a basis for relief. ECF No. 6 of that case. That is also true for case 6:17cv01654, also filed in the Middle District. *See* ECF No. 3 of that case. Plaintiff's claims were unclear and could not proceed as filed. Such dismissals also count as a "strike" under § 1915(g).

Likewise, Plaintiff submitted another recent complaint in the Middle District which was dismissed because it was unintelligible and did not provide facts to support his claims or clearly provide a statutory basis for relief. *See* ECF No. 3 of case # 6:20cv02033-GKS-LRH. The order of dismissal noted that Plaintiff had continued "to ignore multiple orders of the Court directing him to file his civil rights complaint or habeas petition on the

relevant forms." *Id.* That case also counts as a "strike" under § 1915(g) because it was both frivolous and failed to state a claim.

In all, judicial notice is taken that Plaintiff has initiated over 100 actions in federal court. Those actions include habeas petitions, mandamus petitions, civil rights cases, appeals, and even a petition for prohibition. *See* case 20-128, filed in the United States Court of Appeals for the Federal Circuit (petition denied on June 18, 2020, because Plaintiff did not demonstrate entitlement to relief). Accordingly, Plaintiff is deemed to be a vexatious litigant who, in the vast majority of the civil cases filed, has refused to pay the filing fee or submit an in forma pauperis motion. Plaintiff is not unaware of the requirement that he do so, as his litigation history aptly demonstrates.

> To help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. *Jones v. Bock*, 549 U.S. 199, 203, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723, 207 L. Ed. 2d 132 (2020). In Lomax, the Supreme Court held that prior cases count as a "strike" under § 1915(g) regardless of whether the dismissal was with or without prejudice to the prisoner's "ability to reassert his claim in a later action." Lomax, 140 S. Ct. at 1724-25 (noting that a strike "hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect"). The Court clarified that "[t]he point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits." *Id.* at 1726 (holding that "dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice").

In the light of Lomax v. Ortiz-Marquez, it is apparent that Plaintiff has had at least five such prior dismissals, despite the fact that the Middle District of Florida did not dismiss Plaintiff's cases with prejudice. *See* case # 6:17cv00896, filed on 5/18/2017 and dismissed on 6/05/2017; case # 6:17cv01654 filed on 9/18/2017 and dismissed on 9/29/2017; case # 6:18cv00581, filed on 4/16/2018 and dismissed on 4/17/2018; case # 6:20cv01515, filed on 8/26/2020 and dismissed on 8/31/2020; case # 6:20cv01553, filed on 8/26/2020 and dismissed on 9/04/2020. Each of

those five cases were previously dismissed because, as filed, they lacked merit. The cases should be counted as "strikes" under § 1915(g)[2] which means that Plaintiff is not entitled to proceed in this case without payment of the filing fee at the time of case initiation unless his complaint demonstrates that he faces "imminent danger of serious physical injury." Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

Here, Plaintiff's complaint does not allege any specific facts which show that Plaintiff is in danger at his current place of confinement. ECF No. 1. Indeed, the complaint does not name as a Defendant any person who is located with him. Rather, his complaint appears to be a vague attack on his criminal conviction. Accordingly, this action does not come within the exception of § 1915(g). Thus, Plaintiff is not entitled to in forma pauperis status under 28 U.S.C. § 1915(g) and this case should be dismissed without prejudice. If Plaintiff seeks to litigate these claims,

---

[2] That statute, commonly referenced as the "three strikes" provision, states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (quoted in O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 804 (11th Cir. 2016)).

Plaintiff must initiate a new case and simultaneously pay the full amount of the filing fee. *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this action be **DISMISSED without prejudice** because Plaintiff is not entitled to proceed under 28 U.S.C. § 1915(g) without full payment of the filing fee at the time of case initiation. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If Plaintiff fails to object to this recommendation, he will waive the right to appeal the District Court's order based on the unobjected-to conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**